PITTS, PLAINTIFF IN ERROR, *v.* WESTON.

In an action for a penalty incurred by neglect of military duty, under the act for organizing and governing the militia, it is competent for the defendant, at the trial, to show that by reason of *permanent* bodily disability he was not liable to be enrolled as a soldier.

In such case it is not necessary for the defendant to produce the certificate of the surgeon, nor to offer his excuse within eight days; these regulations applying only to cases of *temporary* disability.

IN the original action, which was debt for a penalty for neglect of military duty, the plaintiff proved that the defendant was regularly enrolled in the company of which the plaintiff was clerk,—that being duly notified, he neglected to appear at any company training,—that he did not offer his excuse within the eight days prescribed in the statute,—that he was not prevented from so doing by reason of extreme sickness,—and that during a part of the summer he laboured in his saw-mill.

The defendant on his part produced divers witnesses, and among them a reputable physician, who testified that for several years the defendant had been afflicted with the disease called phthisic, which he considered a permanent disorder,—that "when the fit was on him" he was rendered incapable of labour,—and that this was produced by fatigue, or exposure to heat or cold.

The magistrate who tried the cause, upon this evidence ruled that the defendant was not liable to be enrolled as a soldier, by reason of permanent disability, and thereupon rendered judgment against the plaintiff, to reverse which this action was brought.

*Greenleaf* and *Deering*, for the plaintiff in error, relied on the provisions of the *Stat.* 1821. *ch.* 164. *sec.* 35. that "*no* private "shall be exempted from military duty *on account of bodily in-* "*firmity*, unless he shall obtain from the surgeon ——— a certi- "ficate"—&c. which, they contended, included all infirmities, as well permanent as temporary. And this construction, they insisted, was fortified by reference to the subsequent language of the same section, limiting the operation of the certificate to one year; in order, doubtless, that the nature of the infirmity complained of might pass under an annual revision, that the captain might have the benefit of the surgeon's opinion of the

case, and that none might avoid military duty who were able to perform it.

But they denied that the disability in this case was any other than a temporary and curable affection.

*Kidder*, for the defendant in error, argued that the disability mentioned in *sec.* 35. was to be considered as a temporary disease; and hence the certificate was inoperative after a year;— but that any cause which rendered the party not liable to enrolment, and so not subject to the militia-law, might be shewn at all times by parol testimony in bar of any claim for a penalty against him, without the aid of the surgeon. *Commonwealth v. Fitz*, 11 *Mass.* 540. *Howe v. Gregory*, 1 *Mass.* 81.

MELLEN C. J. delivered the opinion of the Court.

This case comes before us on exceptions filed by the plaintiff to the decision of the justice before whom the cause was tried, by which certain parol testimony was admitted to shew the bodily infirmity of the defendant, as proof of the issue on his part. The first section of the act of Congress of *May* 8, 1792, provides that "each and every free *able-bodied* white male citi-" zen of the respective states resident therein" (with certain ex-" ceptions) " shall severally and respectively be enroled in the " militia by the captain or commanding officer of the company " within whose bounds such citizen shall reside,"—&c. The defendant was regularly enroled, if liable to enrolment, but neglected to attend to do military duty, as alleged in the writ; and it is admitted that he never obtained a certificate from the surgeon of the regiment to which he belonged, according to the provisions of the *Stat.* 1821. *ch.* 164. *sec.* 35.—It is contended by the counsel for the defendant that the words of that section must be considered as having no reference to that species of bodily infirmity which is of such a character as to exempt the person from all liability to *enrolment ;* but only to relate to those disabilities which in their nature are temporary ; and that therefore the testimony was properly admitted, as it went to prove the defendant to be subject to a permanent disease. The case of *Howe v. Gregory*, cited in support of this position, was founded on the act of *March* 4, 1800, the twelfth section of

which was then under consideration; and which, in all essential particulars, is like the thirty-fifth section of our statute of 1821. In the case of *Commonwealth v. Fitz,* which has been relied on for the same purpose, the Chief Justice observes—" we are sat- " isfied that the construction adopted by the Court of a *similar* "*provision* in the statute of 1793. *ch.* 14. was right, and is equal- " ly applicable now. Indeed the case of *Howe v. Gregory,* cited " for the respondent, has settled the law upon this point." Again he says—" We think it could never have been the intention of " the legislature to prevent a party complained of from shewing " on his trial that he had committed no offence, notwithstanding " he had not obtained a previous exemption." The whole train of reasoning by the Court in this case is designed to fortify the opinions above expressed. The case of *Commonwealth v. Fitz* was founded on the act of *March* 6, 1810. It is true that the thirty-second article of the thirty-fourth section of that act is not so explicit and positive in its requirements as the thirty-second article of the forty-fifth section of our own *Stat.* 1821. *ch.* 164. Both seem to contemplate cases of temporary disa- bility, or occasional absence from duty, on account of some cause requiring an " *excuse.*"—and such excuse must be made within eight days. But the thirty-fifth section of the latter act, and the corresponding provisions in the acts of 1800 and 1810 have regard to *exemption* from military duty on account of bodi- ly infirmity and permanent disability. In such circumstances the cases of *Howe v. Gregory* and *Commonwealth v. Fitz* both seem to be direct authorities; but so far as the *latter* case has reference to *excuses merely,* it is not so.

On the whole therefore, viewing the case of the defendant as one of bodily infirmity and permanent disability, we consider that the proof to establish that fact was properly admitted by the Justice, and of course there is no error in the record and proceedings before us; and the judgment is affirmed, with costs.